UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SINKLER C. MARTIN, JR.,

        Plaintiff,

v.                                                                                            Case No. 1:05-cv-451

UNITED STATES GOVERNMENT,                                       Hon. Wendell A. Miles
ST. MARY'S HOSPITAL, AUTOMOBILE CLUB
OF AMERICA, UPTOWN CLEANERS, AMWAY
GRAND HOTEL, MEL TROTTER MISSION,
COMCAST CABLE COMPANY, HERKIMER
HOTEL AND ASSOCIATES, SEARS DEPARTMENT
STORE, PARTY STORE ON DIVISION AVENUE,
61ST DISTRICT COURT, STANDARD FEDERAL
BANK, GRAND RAPIDS POLICE DEPARTMENT,
COTTAGE BAR AND RESTAURANT,
GRAND RAPIDS PRESS, and CITY OF GRAND
RAPIDS,

        Defendants.
_____/

OPINION AND ORDER

        The Plaintiff, Sinkler C. Martin, Jr., filed this action without benefit of counsel claiming the Defendants conspired to, and did, violate his civil rights. Plaintiff is proceeding *in forma pauperis* pursuant to § 1915. The court must dismiss a complaint brought *in forma pauperis* if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This action is foreclosed by court decisions in two of Plaintiff's prior cases and, accordingly, is dismissed as frivolous.

        On June 7, 2004, Plaintiff filed a complaint against the United States of America, the United States Army, the 61st District Court, District of Columbia, Comcast Cable Company,

Country of Mexico, and "many businesses" (Case No. 1:04-cv-378).  The court found that Plaintiff had not alleged a claim under federal law; the United States of America was immune from suit; the Eleventh Amendment barred the claim against the 61st District Court; and there were no factual allegations to support a claim against Comcast Cable Company, Country of Mexico or "many businesses."  The case was dismissed on July 16, 2004, as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

On August 3, 2004, Plaintiff filed a complaint against the Comcast Cable Company and the Herkimer Hotel and Associates (Case No. 1:04-cv-504), alleging that the defendants routed television cable through his apartment causing Plaintiff to pay for cable service for the hotel while Mexican tenants received free cable service.  By order dated October 29, 2004, the court dismissed the case with prejudice, finding that the allegations failed to state a claim and that the controversy did not present a federal question.

On March 7, 2005, Plaintiff filed an action against sixteen defendants, including the Comcast Cable Company, Herkimer Hotel and Associates, the United States, and the 61st District Court (Case No. 1:05-cv-166).  Plaintiff alleged the same facts against the cable company and the hotel that he had asserted in his earlier case.  The court found that the claims against all of the defendants arose from state law, and that the United States was immune from suit. On March 18, 2005, the court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failing to state claim upon which relief could be granted.

Plaintiff filed this action on June 29, 2005, naming the same sixteen defendants he had named in Case No. 1:05-cv-166.  For the third time, Plaintiff makes the same allegations against the Comcast Cable Company and the Herkimer Hotel and Associates that have twice been found

to implicate only state law.  Plaintiff makes the same allegations against the United States, although the court explained in Case Nos. 1:04-cv-504 and 1:05-cv-166 that the United States is immune from suit. He also makes the same allegations against the other thirteen defendants that he made in the previous case and which were dismissed as frivolous.  In fact, the complaint in the present case appears to be an exact copy of the complaint filed in Case No. 1:05-cv-166.

Under the doctrine of claim preclusion, a final judgment on the merits in an action precludes a plaintiff from bringing a later lawsuit on the same claims and against the same defendants. Stern v. Mascio, 262 F. 3d 600, 608 (6th Cir. 2001).  Claims are identical where there is an "identity of facts creating the right of action and of the evidence necessary to sustain each action."  Westwood Chem. Co. v. Kulick, 656 F. 2d 1224, 1227 (6th Cir. 1981).  It is clear that Plaintiff's claims against each of the sixteen defendants are barred by claim preclusion. See Taylor v. The Goodyear Tire and Rubber Co., 142 F. 3d 436, 1998 WL 136582 (6th Cir. 1998).

Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B), the court DISMISSES this action as frivolous.

So ordered this 15th day of July, 2005.

     /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge