UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SINKLER C. MARTIN, JR.,

      Plaintiff,

v.                                            Case No. 1:05-CV-451

UNITED STATES GOVERNMENT,            Hon. Wendell A. Miles
ST. MARY'S HOSPITAL, AUTOMOBILE CLUB
OF AMERICA, UPTOWN CLEANERS, AMWAY
GRAND HOTEL, MEL TROTTER MISSION,
COMCAST CABLE COMPANY, HERKIMER HOTEL
AND ASSOCIATES, SEARS DEPARTMENT STORE,
PARTY STORE ON DIVISION AVENUE, 61ST DISTRICT
COURT, STANDARD FEDERAL BANK, GRAND RAPIDS
POLICE DEPARTMENT, COTTAGE BAR AND
RESTAURANT, GRAND RAPIDS PRESS, and CITY OF GRAND
RAPIDS,

      Defendants.
_____/

ORDER

By Opinion and Order dated July 15, 2005, this action was dismissed for the reason that Plaintiff's claims against each of the Defendants were barred by claim preclusion. Plaintiff filed a Motion for Leave to File (Dkt. #8), asking the court to reinstate the case because (a) the court failed to address his request to order attorney "Conroy" to "stay on this case," (b) neither he nor attorney Conroy were ever "contacted on any decisions made in my cases," and (c) the court failed to address his request for an appointed attorney.

Pursuant to 28 U.S.C. § 1915(d), the "court may request an attorney to represent" a pro se plaintiff proceeding in forma pauperis. In Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989), the Supreme Court held that this provision does

not authorize the court to compel an attorney to represent an indigent litigant in a civil case. It is not within this court's authority to order attorney Conroy to represent Plaintiff.

A person does not have a constitutional right to counsel in a civil case, Lavado v. Keohane, 992 F. 2d 601, 605-606 (6th Cir. 1993), and it is not appropriate to appoint counsel "when a pro se litigant's claims are frivolous," or "when the chances of success are extremely slim." Id. at 605. Plaintiff had no chance of success on his claims as they were clearly barred by claim preclusion.

The court's docket sheets on each of the three cases Plaintiff filed against the same Defendants, including the present case, reveals that the Clerk of the Court mailed all relevant documents to Plaintiff. Plaintiff was apprised of all court decisions.

Accordingly, the Plaintiff's Motion for Leave to File is DENIED.


So ordered this 15th day of August, 2005.


      /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge